J. N. WARD V. BONNER AND EDDY, RECEIVERS. ·

No. 3100.

**Cattle Guards.** — A railway track was fenced on both sides between two private crossings. No cattle guards were placed. A train was wrecked within the space so fenced caused by the engine running upon two cows lying upon the track. The train was running at good speed at the time it left the track, ties giving away. It was not claimed that the ties were not strong enough to support the train as long as on the rails. The engineer on the train was injured and sued for damages. The court directed a verdict for the defendants. *Held:*

1. The fact that the ties were not strong enough to support a train moving at twenty-five or thirty miles an hour when derailed was not evidence of negligence.

2. The only purpose had in view by the law in the construction of cattle guards is to protect the inclosures through which the road passes, and absence of the cattle guards as alleged was not negligence or evidence of it.

3. The liability to injury caused by the running in contact with animals trespassing on the road is one of the dangers incident to the operation of railways, and may be encountered inside of inclosures having cattle guards as well as outside.

4. The court properly directed a verdict for defendants.

APPEAL from Anderson. Tried below before Hon. F. A. Williams. The opinion gives a statement.

*J. R. Burnet*, for appellant. — 1. The facts clearly show that the accident was the result of appellees' negligence in failing to provide good and sufficient cattle guards; and under our statute requiring railway companies to erect such cattle guards, and making them liable for all damages resulting from such neglect, appellees are liable. The duty to erect cattle guards was imposed as a police regulation to protect human beings upon railway trains, as well as to protect the lives of animals, and fields from the depredations of stock. Rev. Stats., arts. 4240–4244; Railway v. Young, 60 Texas, 201; Horan v. Railway, 3 Ct. App. C. C., sec. 435; Cool. on Torts, 2 ed., 785; Railway v. Humes, 115 U. S., 523; Railway v. Beckwith, 129 U. S., 31; Donegan v. Erhardt, 42 Am. and Eng. Ry. Cases; 580; Quackenbush v. Railway (Wis.), 22 N.W. Rep.; 519; Robinson v. Railway (Iowa), 25 N.W. Rep., 249; Railway v. Morrow, 4 Pac. Rep., 87.

2. Independently of any statutory requirement, the facts were sufficient to authorize the jury to infer and find negligence on the part of appellees which proximately resulted in appellant's injuries. Appellant was exposed to perils which appellees could have guarded against by proper diligence, and should have foreseen. Eames v. Railway, 63 Texas, 660; Railway v. Watts, 64 Texas, 570; Donegan v. Erhardt, 42 Am. and Eng. Ry. Cases, 580; Railway v. Swett, 45 Ill., 197; 92 Am. Dec., 206.

3. The facts and circumstances in evidence were sufficient to authorize the jury to infer and find actionable negligence, in this: That the

crossties of said railway at and about the place of the wreck which caused plaintiff's injuries were so decayed and rotten as to be insufficient to support the engine, so that it was caused to run onto the ground and turn over and down an embankment, whereby plaintiff was seriously injured; whereas had said ties been reasonably sound and safe the engine could and would have been stopped on the ties and plaintiff not sustained such serious injuries.    There was sufficient evidence of the bad condition of the roadbed and ties, and that such bad condition was the proximate cause of the engine turning over as to require the court to submit the issue of negligence to the jury.    Railway v. Dunham, 49 Texas, 185; Railway v. Johnson, 76 Texas, 422, 436.

*G. H. Gould,* for appellees.—1.    These propositions are not supported either by the law or the evidence, because:

(1) The law does not require railroad tracks to be fenced, and therefore does not require cattle guards to protect the right of way where no fence is required.

(2) The law which requires cattle guards to be placed at the entrance of a field or inclosure (Revised Statutes, article 4240) evidently has reference to the field or inclosure of other parties and not to the inclosure of the company, and is intended to protect said field or inclosure from the depredations of stock, and not to protect employes of said company.    Rev. Stats., art. 4242.

(3) The evidence shows that this is not a case of fenced track in which defendants were guilty of negligence in not keeping the fence in proper repair, but a case in which the track was in process of being fenced and the fencing was not completed for the want of cattle guards which had not yet been placed.

2.    Appellant's statement under his first assignment of error, "that by reason of said failure to place good and sufficient cattle guards at said entrances two cows got on the track in said inclosure and caused the wreck by which plaintiff was seriously injured," is a conclusion of appellant without any evidence to support it.    Cattle ranged at large in that neighborhood and appellant knew it.    The fence was built from thirty to fifty feet from the track on either side, and there were no cattle guards at the entrances and there is nothing in the evidence to justify the conclusion that the fence caused the cattle to get on the track.

3.    The Texas authorities referred to by appellant do not apply to this kind of a case, but to cases where animals or crops are injured by reason of defective cattle guards at the entrance of other people's inclosures.    And the authorities from other states referred to by appellant, as far as we have been able to find them, are decisions made under statutes requiring railroads to be fenced, and can not apply to this case.

4. Plaintiff had voluntarily assumed the risk of collisions with stock on that road, unfenced, for fourteen years, and it not being shown that a fence forty or fifty feet from the track on either side increased the danger, he still assumed the risk and can not recover. All Texas decisions on that point; Sweeny v. Railway, 8 Am. and Eng. Ry. Cases, 151; Cowan v. Railway, 35 Fed. Rep., 43.

5. Our statute requiring the construction of cattle guards is evidently intended to protect the stock and crops of other people and not trainmen. Rev. Stats., arts. 4240–4245; Railway v. Young, 60 Texas, 201; Railway v. Adams, 63 Texas, 200; Railway v. Manson, 13 Am. and Eng. Ry. Cases, 542.

HENRY, Associate Justice.—Appellant brought this suit to recover damages for personal injuries received by him while acting as an engineer in a wreck of a train on defendants' railroad.

The wreck occurred at night and was caused by the engine coming in contact with two cows lying upon the track at a place where the railway had been fenced by the defendants on both sides between two private crossings, without placing cattle guards at either entrance.

The negligence charged by plaintiff's petition was "in failing to provide proper and sufficient cattle guards, of which omission plaintiff had no knowledge or warning, and whereby the danger of running trains through the inclosure was increased, cattle being attracted into it," etc., and that "the decayed and rotten condition of the ties caused the engine to turn and to be thrown down the embankment, when if the ties had been reasonably sound they would have supported the engine, which could have been stopped on the ties."

The court charged the jury to find a verdict for the defendants.

We consider it unnecessary to refer to the evidence further than to say that it substantially corresponded with the case made by the plaintiff's petition. It is not claimed that the ties were not strong enough to support the engine and cars as long as they remained on the rails. The fact that they were not strong enough to support an engine running at the rate of twenty-five or thirty miles an hour when derailed was not evidence of negligence, as the court might very well inform the jury. The same thing may be said about the absence of cattle guards.

The provisions of the Revised Statutes upon that subject are copied into appellant's brief and read as follows:

"Art. 4240. Each and every railway company whose railway passes through a field or inclosure is hereby required to place a good and sufficient cattle guard or stop at the points of entering such field or inclosure, and keep them in good repair.

"Art. 4241. In case an inclosure or field through which a railway passes shall be enlarged or extended, or the owner of the land over

which a railway runs shall clear and open a field so as to embrace the track of a railway, such railway company is hereby required to place good and sufficient cattle guards or stops at the margins of such extended inclosures or fields, or such new fields, and keep the same in repair.

"Art. 4242.  Such cattle guards or stops shall in all cases be so constructed and kept in repair as to protect such fields and inclosures from the depredations of stock of every description.

"Art. 4243.  Gives the owner of any field or inclosure the right to construct or repair such cattle guards at the expense of the company, should it fail to do so.

"Art. 4244.  Should any such company fail to construct the proper cattle guards and stops and keep the same in repair as required by law, such company shall be liable to the party injured by such neglect for all damages that may result from such neglect, to be recovered by suit in any court having jurisdiction."

The only purpose had in view by the law in the construction of cattle guards is to protect inclosures.  The law does not require railways to be fenced, nor does it require cattle guards to be put in merely because it has been fenced.  If they are not put in the road would not be treated as fenced at all at that point, which is the only result that we can see should follow such an omission.

The liability to injury caused by coming in contact with animals trespassing on the road is one of the dangers incident to the operation of railways, and may be encountered inside of inclosures having cattle guards as well as outside.

The proposition that fencing on each side of the road without constructing cattle guards has a tendency to increase the danger seems to us to be entirely speculative.

The judgment is affirmed.

*Affirmed.*

Delivered March 6, 1891.

*J. R. Burnet*, for appellant, argued a motion for rehearing.  The motion was refused.